PATRICK L. SALSBURY *v.* CARL ROBINSON,
SUPERINTENDENT OF CONNECTICUT
CORRECTIONAL INSTITUTION,
CHESHIRE, ET AL.

SUPERIOR COURT   NEW HAVEN COUNTY   FILE NO. 36987
AT WATERBURY

Memorandum filed September 19, 1972

*Rodney R. Jones,* of West Hartford, for the plaintiff.

*Francis M. McDonald, Jr.,* state's attorney, and *Walter H. Scanlon,* assistant state's attorney, for the defendants.

FITZGERALD, J. The subject of the within case is a petition for the issuance of a writ of habeas corpus which came before the court for hearing on August 15, 1972. In his petition the plaintiff alleges that he is now confined and illegally imprisoned in the Connecticut correctional institution in Cheshire in violation of his federal constitutional rights in specified respects and contrary to the statutory law of Connecticut, and he seeks relief. The defendants are Carl Robinson, superintendent of that institution, and John Manson, commissioner of correction of Connecticut.

Parenthetically, it may be noted that counsel for the defendants, in lieu of a written return or answer, stated orally for the record at the hearing that the

subject of paragraph 1 of the petition was admitted and the subject of the remaining paragraphs thereof denied. It should be added that any technical defects in regard to the composition of the petition or of any allied matter were waived by counsel for the defendants.

I

The essential facts giving rise to these proceedings are not in dispute. It appears that on June 28, 1971, and for a period of time prior thereto, the plaintiff by sentence of court was legally confined as an inmate at the Connecticut correctional institution in Cheshire, hereinafter referred to as the institution. On that day he and several other inmates of the institution were assigned to a work detail under the supervision of a correctional officer. The assigned work was on two residences located on Jarvis Avenue in Cheshire and occupied as homes by correctional employees and their families; the residences were not part of the institution or used as correctional facilities. The properties, however, were owned by the state. Transportation of the plaintiff and the other inmates on June 28, 1971, to Jarvis Avenue in Cheshire was by bus.

While assigned to paint the exterior of one of the two residences on Jarvis Avenue, the plaintiff and a fellow inmate, Walter Burgon, escaped from the custody of the correctional officer in whose charge they had been. The plaintiff proceeded to the home of his parents in New Britain; he was apprehended and returned to the institution a few days later. No violence occurred in effecting the escape or in its duration.

On August 3, 1971, the plaintiff and Burgon were bound over from the Circuit Court to this court on the statutory charge of escape from a correctional institution. As of that time the statute was § 53-155

of the General Statutes. On that date, Raymond J. Quinn, Jr., public defender, was appointed by the court *(Meyers, J.)* to represent both the plaintiff and Burgon. The cases were then continued until September 8, 1971.

The plaintiff was then nineteen years of age (twenty when sentenced) and Burgon twenty-one years of age. From this point forward no further reference will be made to the disposition of Burgon's case other than to say that later he pleaded guilty to the charge and was given a concurrent sentence by the court *(Meyers, J.)* of not less than fifteen months nor more than three years to the Connecticut correctional institution in Somers, his choice of place of incarceration, running concurrently with the balance of the unexpired term he was then serving at the institution in Cheshire.

On September 8, 1971, the plaintiff entered a plea of guilty to the charge. Before accepting the plea of guilty, the court *(Meyers, J.)* asked of the plaintiff the standard questions required to be asked by the presiding judge of a defendant who is pleading guilty to one or more charges laid against him. The answers to those questions, made in the presence of the plaintiff's mother, acting as his appointed guardian ad litem, show a comprehension by the plaintiff of the purpose of inquiry by the court.

On October 5, 1971, after the submission of a report by the adult probation office, sentence was imposed by the court *(Meyers, J.)*. The sentence imposed was to an indeterminate term at the institution in Cheshire, to run concurrently with the unexpired balance of the sentence the plaintiff was serving at the time of his escape on June 28, 1971. This sentence was that recommended to the court by Walter H. Scanlon, assistant state's attorney; acceptance of the sentence was urged upon the court

by Quinn on behalf of the plaintiff. Before imposing sentence, the court inquired of the plaintiff if he wanted "to say anything." The answer was "No." After imposition of sentence, the plaintiff volunteered gratuitously the statement, "Thank you, Your Honor."

## II

As already stated, the plaintiff was charged with the statutory offense of violating § 53-155 of the General Statutes. The statute is labeled "Escape from correctional institution." It is the plaintiff's claim that he should have been charged, on the facts of the case, with violating § 53-158 of the General Statutes. This statute is labeled "Escape while at work." It is applicable to an escape by an inmate of the institution in question "while employed at labor without such institution." The statute (§ 53-155) which the plaintiff was charged with violating and to which he pleaded guilty is applicable to an escape by an inmate of the institution in question "from such institution." In other words, § 53-155 is directly referable to an escape by an inmate from the institution itself, and § 53-158 is directly referable to an escape by an inmate "while employed at labor without such institution."

Obviously, the facts of the case disclose the situation regarding the escape as coming within the ambit of § 53-158 as claimed by the plaintiff, and not within that of § 53-155. This is particularly important on the question of penalty, to which reference is directed. Section 53-155, which the plaintiff was charged with violating and to which he pleaded guilty, carries a far greater penalty.

It is the opinion of this court that notwithstanding the plaintiff's plea of guilty on September 8, 1971, of having violated § 53-155 of the General Statutes, the sentence of October 5, 1971, under the circum-

stances narrated, was entirely improper from a constitutional viewpoint as well as a procedural viewpoint. In so pleading, and in so submitting to sentence, the plaintiff, it must be said, acted not knowing of his rights when confronted with violating a statute which had no application to his kind of escape, he not having been so advised and assisted by his court-appointed attorney. It is found that the plaintiff had inquired of his attorney as to whether he could be presented under a less drastic statute. The statute under which the plaintiff should have been charged, and to which he could have pleaded guilty without contravening any constitutional rights, was § 53-158 of the General Statutes.

It would appear that the plaintiff would have been scheduled for release on or about March 16, 1972, under the original sentence which he was serving when he escaped while at work on June 28, 1971. Hence time served by the plaintiff at the institution for the last six months was entirely under the sentence of October 5, 1971, deemed by this court to have been improperly imposed because the plaintiff was charged under the wrong statute.

The plaintiff is entitled to a release, by the issuance of a writ of habeas corpus, from any further confinement in the Connecticut correctional institution in Cheshire resulting from the sentence of October 5, 1971.

### III

In view of the disposition stated in part II of this memorandum, the second point raised by the plaintiff requires no consideration; it is bypassed.

### IV

The writ prayed for may issue in view of the conclusion reached in part II of this memorandum. Judgment may so enter.